# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL MARTINEZ, ) | Case No.: 1:20-cv-00334-JLT (HC) |
| Petitioner, ) | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. ) | |
| SHERMAN, ) | FINDINGS AND RECOMMENDATION TO DISMISS PETITION |
| Respondent. ) | [THIRTY-DAY OBJECTION DEADLINE] |

Petitioner filed a federal habeas petition in this Court on March 4, 2020. (Doc. 1.) After conducting a preliminary screening of the petition, the Court concludes that the petition fails to present any cognizable grounds for relief. In addition, Petitioner's first and third claims for relief violate the statute of limitations. Therefore, the Court will recommend that the petition be SUMMARILY DISMISSED.

## I.  PROCEDURAL HISTORY

Petitioner is in the custody of the California Department of Corrections serving a sentence of 32 years to life, pursuant to a judgment of the Superior Court of California, County of Fresno, entered on January 22, 1998, following his conviction by jury of one count of transportation of methamphetamine and one count of possession of methamphetamine. Martinez v. Terhune, Case No.

1

1:00-cv-06278-OWW-HGB.[1] The judgment was affirmed by the California Court of Appeal, Fifth Appellate District in an unpublished opinion filed on January 21, 2000. Id. Review was summarily denied by the California Supreme Court on March 29, 2000. Id.

Petitioner previously filed a petition for writ of habeas corpus in this Court on August 9, 2000, which was dismissed with leave to amend for failure to exhaust, and ultimately dismissed for failure to comply with a court order. Id. On March 4, 2020, Petitioner filed the instant habeas petition in this Court. (Doc. 1.)

## II. DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the

---

[1] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2). In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Petitioner fails to allege a violation of the Constitution or Federal law. It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Petitioner challenges the state court's application of state sentencing laws based on alleged new case law.[2] Such claims do not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). To state a claim for relief, Petitioner must demonstrate that the state committed sentencing error, and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40 (1992). Petitioner has failed to demonstrate such a violation here, because on its face, the petition shows no sentencing error or arbitrariness.

In addition, Petitioner's allegations of ineffective assistance of counsel and prosecutorial misconduct are untimely. Also, to the extent Petitioner is trying to raise claims by attaching his state briefs, those claims are also untimely. The AEDPA imposes a one-year period of limitation on

---

[2] Petitioner also lists as a fourth claim that "Petitioner's Illiterate! Needs Assistance!" (Doc. 1 at 14.) However, this is clearly not a cognizable federal claim.

3

petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Pursuant to § 2244(d)(1)(A), the one-year limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. According to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086 (1999) (citing prior Rule of Court, Rule 31(d)). In this case, judgment was entered by the Superior Court of California, County of Fresno on January 22, 1998. Martinez v. Terhune, Case No. 1:00-cv-06278-OWW-HGB. The judgment was affirmed by the California Court of Appeal, Fifth Appellate District in an unpublished opinion filed on January 21, 2000. Id. Review was summarily denied by the California Supreme Court on March 29, 2000. Id. The one-year period under the AEDPA commenced the following day, on March 30, 2000, and concluded one year from that date, on March 29, 2001. Petitioner did not file the instant federal petition until March 4, 2020, nor did he file anything in the state courts during the limitations period. Thus, these claims are untimely. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).

**III.  ORDER**

The Court DIRECTS the Clerk of Court to assign a district judge to the case.

**IV.  RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the habeas corpus petition be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///
///
///

Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: __**March 31, 2020**__                __**/s/ Jennifer L. Thurston**__
                                                                               UNITED STATES MAGISTRATE JUDGE